# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY R. PANCOAST,                        §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §        C.A. No. 1:20-cv-00045
                                         §
UNUM GROUP,                              §
                                         §
        Defendant.                       §

## INDEX OF STATE COURT FILED DOCUMENTS

                                                        **Date Received/Filed**

1.   Docket Sheet from the 107th Judicial District Court          n/a
     of Cameron County, Texas

2.   Plaintiff's Original Petition, Request for Disclosure, and    3/4/20
     Request for Production

3.   Citation issued to Unum Group                                3/6/20

4.   Return of Service                                            3/11/20

Respectfully submitted,


By:  /s/ Dennis M. Lynch

Dennis M. Lynch
State Bar No. 90001506
S.D. No. 23163
dennis.lynch@figdav.com
Attorney-in-Charge

Of Counsel:
Cameron E. Jean
State Bar No. 24097883
S.D. No. 3121462
cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, to Mr. Mario Alberto Rodriguez, The Rodriguez Law Firm, 1111 W. Nolana Blvd., McAllen, Texas 78504, on this the 3rd day of April, 2020.


/s/ Dennis M. Lynch

Dennis M. Lynch

## Case Information

2020-DCL-01236 | Mary R. Pancoast vs. UNUM Group

| Case Number | Court | Judicial Officer |
|---|---|---|
| 2020-DCL-01236 | 107th District Court | Euresti, Benjamin, Jr. |
| File Date | Case Type | Case Status |
| 03/04/2020 | Civil-Other Civil | Pending |

## Party

Plaintiff
Pancoast, Mary R.

Address
2697 Vienna St.
Brownsville TX 78520

Active Attorneys ▾

Lead Attorney
RODRIGUEZ,
MARIO ALBERTO
Retained

Defendant
UNUM Group

Address
c/o Corporation Service Company - Registered
Agent
211 E. 7th St., Ste. 620
Austin TX 78701

## Events and Hearings

03/04/2020 Original Petition (OCA) ▼

Comment
Plaintiff's Original Petition Request For Disclosure And Request
For Disclsure and Request For Production

03/04/2020 Efiled Original Petition Document ▼

Plaintiff's Original Petition

Comment
Plaintiff's Original Petition Request For Disclosure And Request
For Disclsure and Request For Production

03/04/2020 Exhibits ▼

Exhibit A

Comment
Exhibits A

03/06/2020 Citation Issued ▼

Citation - Personal Service

Comment
Emailed To RodriguezFirm@yahoo.com S.H.

03/06/2020 Citation ▼

Unserved

Anticipated Server
Civil Process Server

Anticipated Method
In Person

## Financial

Pancoast, Mary R.
Total Financial Assessment       $315.00
Total Payments and Credits       $315.00

| 3/4/2020 | Transaction Assessment | | | $315.00 |
| 3/4/2020 | E-File Electronic Payment | Receipt # 2020-05477 | Pancoast, Mary R. | ($315.00) |

## Documents

Plaintiff's Original Petition

Exhibit A

Citation - Personal Service

2020-DCL-01236

CAUSE NO.: _____

FILED - 3/4/2020 11:06 AM
2020-DCL-01236 / 41366041
ELVIRA S. ORTIZ
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

| | | |
|---|---|---|
| **MARY R. PANCOAST** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | Cameron County - 107th District Court |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **UNUM GROUP** | § | |
| **Defendant** | § | **CAMERON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

COMES NOW, MARY R. PANCOAST, Plaintiff, and files this her Original Petition, Request for Disclosure, and Request for Production, complaining of UNUM GROUP, herein after known as "Defendant" or "UNUM", and for causes of action, states the following:

### DISCOVERY CONTROL PLAN

1.     Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under **Level 2.**

### JURY DEMAND

2.     Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff request a jury trial of this matter.  Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Petition.

## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

3.      Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff's place the decision regarding the amount of compensation to be awarded in the jury's hands.   Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that only monetary relief of more than $100,000.00, but less than $500,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or in amount to be determined by the jury, is being sought. Plaintiff reserves the right to adjust this amount as time progresses and the full nature and scope of Plaintiffs' damages is determined.

## CONCURRENTLY SERVES REQUEST FOR DISCLOSURE AND
## REQUEST FOR PRODUCTION

4.      Plaintiff serve Request for Disclosure, Request for Production, Interrogatories, and Request for Admissions upon Defendants concurrently with the service of this Original Petition.

## REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

5.      Pursuant to the Rules of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants answer such discovery to Plaintiff, within 50 days of the service of this request, the information and materials described in Rule 194.2 and herein attached; to be produced at the Rodriguez Law Firm, 1111 W. Nolana, McAllen, Texas  78504.

## PARTIES

6.     Plaintiff is an individual residing in Cameron County, Texas.

7.     Defendant UNUM GROUP is a company that does business in Cameron County,

Texas.  It may be served with process by serving it at his place of business:

>       UNUM GROUP
>         c/o Corporation Service Company - Registered Agent
>       211 E. 7th Street   Suite 620
>       Austin, Texas  78701

## VENUE AND JURISDICTION

8.     Venue is proper in this Court by virtue of sections 15.001 et. seq. of the Texas Civil

Practice & Remedies Code, because the cause of action which is the basis of this case arose

in whole or in part in this county, and/or Defendant does business in this county.   This Court

has jurisdiction because Plaintiff's damages are within the jurisdictional limits of this Court.

## FACTS

9.     Plaintiff was hired by the Brownsville Independent School District. Plaintiff was eligible

and was approved for disability coverage as she was an active employee working more than

20 hours. For the past 14 years and 2 months, Plaintiff has been receiving a monthly benefit

of $2,300.00.  The coverage and actual entitlement should have been for a payment of

approximately $2,974.00.  This is an approximate difference of $674.00 per month.

Defendant has been made aware of such discrepancy but has not sought to remedy the

error.  Defendant was placed on notice as per the Texas Deceptive Trade Practices Act and

was given reasonable time to respond.  No response was received.

## CAUSES OF ACTION

## COMMON LAW BREACH OF CONTRACT BY DEFENDANTS

24.     Defendant entered into a valid and enforceable written contract with Plaintiff to provide Plaintiffs with disability coverage.

25.     Plaintiff relied upon representations made by Defendant that Plaintiff would receive coverage in exchange for payment.

26.     Plaintiff paid the agreed upon amount and relied on their word to pay the claim.

27.     Defendant has failed to make payments on the claims as contracted.

28.     As a result of Defendant's breach, Plaintiff sustained economic damages for which Plaintiff sues.   Plaintiff is now being harassed by collectors and threating lawsuits because of Defendant's breach.

29.     Plaintiff makes a claim herein for all damages allowed by law for breach of contract.

## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

30.     Plaintiff is a consumer that sought services from Defendants as defined by Section 17.56 of the Texas Business & Commerce Code ("DTPA").   Defendant can be sued as per the DTPA.

31.     Defendant violated the DTPA when Defendant concealed material facts as to its intent to pay claims made against Plaintiff. This deliberate failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

32.    Defendant engaged in false, misleading, or deceptive acts or practices that Plaintiff relied on to Plaintiff's detriment.

33.    Defendant engaged in an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

34.    Defendant's' wrongful conduct was a producing cause of Plaintiff's injury, which resulted in damages that continue to accrue.

35.    Defendant has acted knowingly and intentionally, which entitles Plaintiff to recover treble economic damages under Texas Business & Commerce Code section 17.50(b)(1). Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

36.    Plaintiff provided Defendant written notice under the DTPA.

## COMMON LAW FRAUD

37.    Defendant knowingly made false material representations as to its intent to pay claims made by Plaintiff if Plaintiff paid Defendant a certain amount of money.

38.    Defendant made these material misrepresentations with the intent that Plaintiff rely on them and had reason to expect that Plaintiff would rely on them.

39.    Plaintiff justifiably relied on Defendant's misrepresentations and paid Defendant.

40.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained economic damages as set forth hereinabove.

41.     Plaintiff's injury resulted from Defendants' actual fraud, gross negligence, and/or malice, and entitles Plaintiff to exemplary damages under the Texas Civil Practice & Remedies Code section 41.003(a).

## FRAUD BY NONDISCLOSURE

42.     Defendant concealed material facts as to its intent to not pay claims made by Plaintiff.

43.     Defendant had a duty to disclose the information to Plaintiff.

44      Defendant knew Plaintiff was ignorant of the information concealed and did not have equal opportunity to discover the truth.

45      By deliberately remaining silent about and concealing material facts, Defendant intended for Plaintiff to act in the absence of the information.

46.     Plaintiff justifiably relied on Defendant's silence to its own detriment.

47.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained economic damages as set forth hereinabove.

48.     Plaintiff's injury resulted from Defendant's actual fraud, gross negligence, and/or malice, and entitles Plaintiff to exemplary damages under the Texas Civil Practice & Remedies Code section 41.003(a).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.     Plaintiff incorporates all previous paragraphs herein by reference as if set forth in this Count.  Defendant intentionally and/or recklessly placed Plaintiff in a position where she would suffer economic damages and put her under extreme stress. Further, Defendant knew

that Plaintiff could not defend herself and her interest without hiring legal counsel. Defendant

was aware that its conduct and illegal actions would cause Plaintiff to be at a disadvantaged

position. Defendant knew that its actions would cause Plaintiff emotional distress

## UNJUST ENRICHMENT

50.    Plaintiff incorporates all previous paragraphs herein by reference as if set forth in this

Count.    Defendant has benefited unjustly and have been unjustly enriched by its illegal

actions. Defendant was unjustly enriched when they obtained payments from Plaintiff and

created an undue advantage. Defendant wrongfully secured a benefit or in the alternative,

have passively received a benefit which would be unconscionable to retain.

## ATTORNEY'S FEES

51.    Plaintiff would show the Court that the recovery of attorney's fees is authorized as

provided under and according to the provisions of Section 38.001 of the Texas Civil

Practice and Remedies Code, and Plaintiff further sues for reasonable attorney's fees,

including fees for any appeal, insomuch as Plaintiff has been required to employ the

undersigned attorneys to file suit and has agreed to pay them reasonable attorney's fees

for their services. Demand has been presented to Defendant in accordance with the

agreement of the parties and/or Section 38.001 of the Texas Civil Practice and Remedies

Code.

## JURY DEMAND

52.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PROXIMATE CAUSATION

53.    Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence/negligence per se, which proximately caused the above-referenced occurrence and Plaintiff's damages.

## CONDITIONS PRECEDENT

54.    All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## RULE 193.7 STATEMENT OF AUTHENTICATION

55.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, notice is hereby given to Defendants that any and all documents produced by Defendants may be used against her at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and upon final trial, Plaintiff have judgment against the Defendant for the following:

1.    Actual damages and exemplary damages against Defendant in an amount in excess of the minimum jurisdictional limits of the Court;

2.     Additional damages provided for by Section 17.50(b)(1) of the Texas Deceptive Trade Practices Act;

3.     Attorney's fees pursuant to section 17.50(d) of the Texas Deceptive Trade Practices Act, inter alia,

4.     Pre-judgment and post-judgment interest at the maximum legal rate;

5.     Cost of courts; and

6.     Such other and further relief to which Plaintiff may be justly entitled.

---

Respectfully submitted,

_____/S/_____

Mario Rodriguez
The Rodriguez Law Firm
SBN: 00784866
1111 W. Nolana Blvd.
McAllen, Texas  78504
(956) 971-0067 PH.
(956) 971-0069 FAX
        legalag@aol.com
        RodriguezFirm@yahoo.com
        Anabelgovea66@hotmail.com

**ATTORNEY FOR PLAINTIFF**

FILED - 3/4/2020 11:06 AM
2020-DCL-01236 / 41366041
ELVIRA S. ORTIZ
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

**PLAINTIFF'S EXHIBIT A**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

CAUSE NO.: _____

| | | |
|---|---|---|
| MARY R. PANCOAST | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| UNUM GROUP | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT

TO:   Defendant **– UNUM GROUP**

Plaintiff hereby serves the following Request for Production on Defendant pursuant to Rule

196 of the Texas Rules of Civil Procedure.

Respectfully submitted,

_____/S/_____
Mario Rodriguez
The Rodriguez Law Firm
SBN: 00784866
1111 W. Nolana Blvd.
McAllen, Texas  78504
(956) 971-0067 PH.
(956) 971-0069 FAX
        legalag@aol.com
        RodriguezFirm@yahoo.com
        Anabelgovea66@hotmail.com

**ATTORNEY FOR PLAINTIFF**

## **INSTRUCTIONS**

1.      Defendant(s) shall produce all documents and materials described herein which are in his/her/its possession, custody or control, and permit inspection, copying, or reproduction thereof by Plaintiff, his/her/its attorneys, or other persons acting on his/her/its behalf, to Plaintiff's attorney at the Rodriguez Law Firm, 1111 W. Nolana Blvd   McAllen, Texas 78504, at the time of filing of Defendant's responses to this Request for Production of Documents.

2.      As used in this Request for Production, the term "You" or "Defendant", means the named defendant(s) and any officers, employees, directors or agents acting for or on his/her/its behalf.

3.      "Document" refers to and includes every writing or record of any type that is in your possession, custody, or control.  A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, correspondence, memoranda, interoffice communications, hand-written notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy.  To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

In those instances where the requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes or programs for translating it into useable form or produce the information in a finished useable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

4.      The documents produced in response to this document request shall be:

(a)      organized and designated to correspond to the categories in the document request; or
(b)      produced in a form that accurately reflects how they are maintained by Defendant in the normal course of business, including but not limited to the following:
  (i)      that all associated file labels, file headings, and file folders be produced together with the respective documents for each file and that each file be identified as to its owner or custodian;
  (ii)      that all pages now stapled or fastened together be produced stapled or fastened together; and
  (iii)      that all documents which cannot be legibly copied be produced in their original form.

5.      The terms "**AND**" and/or "**OR**" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this document request any documents which might otherwise be considered beyond its scope.

6.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of this document request any documents which might otherwise be considered to be beyond its scope.

7.     Defendant shall include in his/her response to each request in this document request whether Defendant claims that any document responsive thereto has been lost or destroyed, is privileged or is otherwise unavailable.

8.     Defendant shall not use claims of ambiguity in interpreting either this document request or a definition or instruction applicable thereto as a basis for refusing to respond, but shall instead set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

9.     This document request is continuing as to require supplemental responses in accordance with Rule 193.5 of the Texas Rules of Civil Procedure if additional documents specified herein are obtained or discovered between the time of responding to this document request and the final disposition of this lawsuit.

10.     In answering this Request for Production of Documents, Defendant is requested to furnish all information, including hearsay, in possession of Defendant's attorneys, agents, investigators, employees, independent contractors, and all other persons acting on behalf of Defendant, and not merely such information known or the personal knowledge of the person answering these Requests for Production.

11.     If you object to any Request for Production or any portion thereof on the grounds that it requests information that is privileged or falls within the attorney work product doctrine, provide the following information, except as it may call for the precise information you object to disclosing:

    (a)     state the nature of the privilege or doctrine you claim;
    (b)     if a document is the subject of your claim of privilege or exemption from discovery, so state and further;
        (i)     identify it; and
        (ii)     identify all persons known to you who have seen the document;
        (iii)     the title and number of the request to which the document is responsive;
        (iv)     the date the document was prepared or otherwise originated;
        (v)     the name of each person who signed or prepared the document;
        (vi)     to whom the document was directed or addressed;
        (vii)     the nature or character of the document;
        (viii)     the name and last known address of the persons having possession, custody, or control of the document;
        (ix)     the specific objection upon which you rely in refusing production of the document.

(c)     If an oral communication is the subject of your claim of privilege or exemption from discovery, so state and further:

(i)     identify it;

(ii)    identify all persons known to you whom the substance of the oral communication has been disclosed; and

(iii)   state whether any document records or refers to the communication and identify each such document.

12.     Further, for those documents withheld on the basis of privilege, please place such documents in a sealed envelope and submit them to the Court for in-camera inspection.

13.     "Occurrence made the basis of this suit, "incident made the basis of this suit," "occurrence," and "incident," refer to the incident made the basis of this lawsuit.

## REQUESTS FOR PRODUCTION

Please produce the following documents and things:

**REQUEST NO. 1:** Any and all insurance agreements or policies (including any type of "umbrella policies") under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy any judgment related to the incident made the basis of this suit.   This request is made pursuant to rule 192.3(f) of the Texas Rules of Civil Procedure.

**REQUEST NO. 2:**  Copies of any written statements, transcripts and recordings of oral statements made by any Plaintiff concerning the subject matter of this lawsuit.   This request is made pursuant to rule 194.3(h) of the Texas Rules of Civil Procedure, which provides that "any person may obtain, upon written request, his or her own statement concerning the lawsuit...."

**REQUEST NO. 3:** Statements of all persons with knowledge of relevant facts.   This request is made pursuant to rule 194.3(h) of the Texas Rules of Civil Procedure, which provides that, "a party may obtain discovery of the statement of any person with knowledge of relevant facts—a 'witness statement'—regardless of when the statement was made."

**REQUEST NO. 4:**  All "claim file materials" from you or your agents/employees, including file notes, reports, communications, photographs, witness statements, recorded statements or recorded statement summaries, written statements, and other materials generated or received by you or your insurers prior to the date that the Plaintiff's notice of representation letter was received by you or your insurers.

**REQUEST NO. 5:**  Copies of all market reports, commercial publications, or published compilations that you intend to offer into evidence pursuant to Tex.R.Evid. 803(17).

**REQUEST NO. 6:**  Copies of relevant portions of all learned treatises that you intend to offer into evidence pursuant to Tex.R.Evid. 803(18).

**REQUEST NO. 7:**  Copies of all official publications that you intend to offer into evidence pursuant to Tex.R.Evid. 902(5).

**REQUEST NO. 7:**  Copies of all newspapers and periodicals related to the incident made the basis of this suit pursuant to Tex.R.Evid. 902(6).

**REQUEST NO. 8:**  Copies of all summaries of evidence related to the incident made the basis of this suit pursuant to Tex.R.Evid. 1006.

**REQUEST NO. 9:**  Copies of all records and bills you, your attorneys, or any of your departments have regarding any payments paid or benefits received by Plaintiff.

**REQUEST NO. 10:**  Copies of all documents obtained by you with the use of authorizations signed by Plaintiff.  This request is made pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, which provides that "all records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party" must be produced.

**REQUEST NO. 11:**  For any non-testifying, *consulting* expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

**REQUEST NO. 12:** Any and all settlement agreements with any person or entity related in any way to the incident made the basis of this suit.   This request is made pursuant to Rule 192.3(g) of the Texas Rules of Civil Procedure.

**REQUEST NO. 13:** Any and all documents signed by Plaintiff.

**REQUEST NO. 14:** Any and all exhibits that you intend to offer at the trial of this case.

**REQUEST NO. 15:** Any and all memos, reports and documents related to the incident and prepared by you prior to anticipation of litigation.

**REQUEST NO. 16:** Any and all non-privileged documents related to any partnership agreements, employment agreements, independent contractor agreements, or any other working agreement, related to Plaintiff and the incident made the basis of this suit.

CITATION – PERSONAL SERVICE – TRCP 99 DELIVERED
2 11 2020
By _____
Austin Process, LLC

# THE STATE OF TEXAS

## 2020-DCL-01236-A

| | | |
|---|---|---|
| Mary R. Pancoast | § | IN THE 107TH DISTRICT COURT |
| VS | § | OF |
| UNUM Group | § | CAMERON COUNTY, TEXAS |

TO    **UNUM Group**
       **c/o Corporation Service Company - Registered Agent**
       **211 E 7th St Ste 620**
       **Austin TX 78701, GREETING:**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition Request For Disclosure And Request For Disclosure and Request For Production** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 107th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition Request For Disclosure And Request For Disclosure and Request For Production** was filed in said court on **March 04, 2020**, in the above entitled cause.

The file number of said suit being
**2020-DCL-01236-A**

The style of the case is:
**Mary R. Pancoast**
**vs.**
**UNUM Group**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition Request For Disclosure And Request For Disclosure and Request For Production** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 6th day of March, 2020.

ATTORNEY:
**MARIO ALBERTO RODRIGUEZ**
**00784866**
**(956)971-0067**
**1111 W Nolana**
**McAllen TX 78504**

**Elvira S. Ortiz**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520

By: _____
**Sofia Herrera, Deputy Clerk**

| 2020-DCL-01236-A<br>107th District Court | Mary R. Pancoast<br>vs.<br>UNUM Group |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

NAME/ADDRESS FOR SERVICE

_____     _____Officer
_____     _____County, TX
_____
_____     By:_____Deputy

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____ o'clock ____m and _____ County, Texas,
by delivering to each of the within named defendants in person, a true copy of this _____ with
the date of delivery endorsed thereon, together with the accompanying copy of the _____ at
the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:                                         _____Officer
SERVING PETITION/COPY $_____     _____County, TX
TOTAL:          $_____
                                              By:_____Deputy

                                              _____
                                              AFFIANT

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is
_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____, 20_____.

_____         _____
ID Number/Expiration of Certification         Declarant/Authorized Process Server